PINCUS ROSENBLATT, complainant-appellant,

*v.*

JACOB HORN et al., defendants-respondents.

[Submitted May 29th, 1931. Decided October 19th, 1931.]

*Mr. Anthony A. Calandra* and *Mr. Thomas F. Guthrie,* for the complainant-appellant.

*Mr. William N. Becker,* for the defendants-respondents.

The opinion of the court was delivered by

DONGES, J.

This is an appeal from a decree of the court of chancery dismissing the bill of complaint. The bill was filed to foreclose a mortgage given to complainant by defendants Jacob Horn and Bertha Horn covering premises in Irvington subsequently conveyed by the Horns to the defendants Sandor Roth and Pearl Roth. The bill was in the usual form, setting up the mortgage and alleging it to be due and unpaid. The defense was payment and the execution and recording of a discharge. The complainant set up in replication that said discharge was a forgery and that he never received the money.

Testimony was taken which developed a sharply contested question of fact. The Horns testified they had paid the amount of the mortgage to Abraham Henig, the attorney who originally negotiated the loan. Henig testified that he had received the money on behalf of complainant and had kept it and used it for his own purposes with complainant's consent; and that complainant had executed the discharge. Complainant denied knowing that the money had been paid to Henig; denied that he had permitted Henig to keep it; denied that he had executed the discharge; and denied Henig's authority to accept payment of the mortgage.

The learned vice-chancellor apparently did not pass upon the questions of fact at issue but dismissed the bill for the reasons given in a brief memorandum. He said in part:

"The search of the title, made before the purchase, disclosed a discharge of the $10,000 mortgage on file in the register's office of Essex county. Under these circumstances, it appears to me that the Roths are innocent purchasers for value.

"The replication filed claims that the discharge was a forgery. This cannot be set up as against the Roths. The bill is a simple one for foreclosure upon property owned by the Roths. There seems to be in the papers no counter-claim by Roth against Horn. Therefore, the bill should be dismissed, and the question raised as to payment, agency and forgery cannot be considered under these pleadings."

The vice-chancellor was in error in concluding that there was no counter-claim filed by the Roths against Horn. The state of the case discloses that Sandor Roth and Pearl Roth filed a counter-claim against the defendants Jacob Horn and Bertha Horn, who answered the counter-claim.

In our opinion the vice-chancellor erred in dismissing the bill without passing upon the meritorious questions raised by the appellant. Cancellation of a mortgage on the record is only *prima facie* evidence of its discharge and it is open to the complainant to show that the discharge was recorded by fraud, accident or mistake. *Leithoff* v. *Dennis, 86 N. J.*

*Eq. 316; Sterling Leather Works v. Schwarzwaelder (Court of Errors and Appeals), 88 N. J. Eq. 378.*

In *Heyder* v. *Excelsior Building Loan Association, 42 N. J. Eq. 403,* decided by this court, it was said:

"Between a mortgagee, whose mortgage has been discharged of record, solely through the unauthorized act of another party, and a purchaser who buys the title in the belief, induced by such cancellation, that the mortgage is satisfied and discharged, the equities are balanced, and the rights in the order of time, must prevail. The lien of the mortgage must remain, despite the apparent discharge."

It was open to the complainant, under the pleadings, to show that the mortgage had not been paid; that the discharge had been procured or recorded through the fraud of Henig; that the circumstances were such that the Horns and not he should be charged with the misconduct of Henig. Complainant offered testimony to establish these things. He was entitled to have that testimony passed upon and to have the facts weighed and the meritorious questions decided.

The decree will be reversed and the case remanded to the court of chancery with instructions to pass upon the issues raised.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ.   14.